IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANDRE M. DANSBY, #181727, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:13-CV-834-WHA |
| | ) [WO] |
| | ) |
| SANDRA GILES, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Andre M. Dansby ["Dansby"], an indigent state inmate. In the complaint, Dansby challenges the constitutionality of a disciplinary lodged against him due to his attack on another inmate. *Complaint - Doc. No. 1* at 3.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including affidavits, the incident report detailing Dansby's attack on the other inmate and the disciplinary report regarding the offense, in which they address the claims for relief presented by Dansby. The report and evidentiary materials, refute the self-serving, conclusory allegations presented by Dansby in the complaint. Specifically, these documents demonstrate that no violation of Dansby's constitutional rights occurred during the disciplinary proceedings. In light of the foregoing, the court issued an order directing Dansby to file a response to the defendants' written report. *Order of*

*February 4, 2014 - Doc. No. 18*. The order advised Dansby that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Dansby for filing a response in compliance with the directives of this order expired on February 24, 2014. As of the present date, Dansby has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Dansby is an indigent individual. Thus, the imposition of monetary or other punitive sanctions would be ineffectual. Additionally, Dansby's inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants, including but not limited to the disciplinary report, indicate that the actions about which Dansby complains did not violate the Constitution. It therefore appears that any additional effort by this court to secure Dansby's compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his

failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. Appx. 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice. It is further

ORDERED that **on or before February 3, 2015** the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting

as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of January, 2015.

                                           /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE